```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
VANCE SOLMAN                  :   Civ. No. 3:15CV01610(JCH)
                              :
v.                            :
                              :
E. CORL, et al.               :   October 31, 2016
                              :
------------------------------x

## RULING ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER

Pending before the Court is a motion by defendants E. Corl and Tom Morrasini ("defendants") for a protective order, and a motion to compel by self-represented plaintiff Vance Solman ("plaintiff"). Each motion is fully briefed. For the reasons set forth below, the Court **DENIES** defendants' Motion for a Protective Order, and **GRANTS** plaintiff's Motion to Compel.

### I.   BACKGROUND

Plaintiff, an incarcerated self-represented party, filed this action on November 5, 2015, pursuant to section 1983 of title 42 of the United States Code. [Doc. #1]. Plaintiff alleges that he was retaliated against for the filing of a prior federal lawsuit, in violation of his constitutional rights. See id. On February 25, 2016, Chief Judge Janet C. Hall issued an Initial Review Order, permitting plaintiff's First Amendment retaliation claims to proceed against defendants Corl and Morrasini in their individual and official capacities. See Doc. #7. The Initial

Review Order also established a schedule for the case, setting deadlines for discovery and for the filing of any dispositive motions. See id. at 27-28.

Discovery was set to close on August 25, 2016. See Doc. #7 at 28. On September 15, 2016, defendants filed the instant Motion for a Protective Order. [Doc. #26]. Defendants seek an order protecting them from responding to the plaintiff's Second Request for Production of Documents, as the request was mailed on the date of the discovery deadline. See id. Plaintiff, in turn, filed the instant Motion to Compel responses to the same request. [Doc. #29]. Plaintiff argues that defendants should be compelled to respond to his second discovery requests, as they were propounded a day prior to the discovery deadline, and that any delay was occasioned by defendant's late response to plaintiff's first requests.[1] See id.

## II.   LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

---

[1] Plaintiff's motion also seeks an order compelling defendant E. Corl to furnish responses to plaintiff's Requests for Admissions that were previously objected to; both defendants and plaintiff have represented to the Court that this request is now moot as defendant has responded. See Doc. #29 at 1; Doc. #36 at 1; Doc. #37 at 1.

>amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

A protective order may be issued by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Further, "[w]here the discovery is relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause." Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

**III. DISCUSSION**

Defendants request protection from responding to plaintiff's Second Request for Production of Documents, as, defendants contend, the requests were served late. [Doc. #26-1]. Defendants contend that they should not be required to respond to plaintiff's requests because plaintiff "waited until the very close of the discovery period to serve his second demand," and that no good cause or diligence can be shown that would justify an extension of the discovery deadline. Id. at 3.

Plaintiff objects, and argues that defendants should be required to respond to plaintiff's second requests, as they were served promptly upon receipt of defendant's untimely response to plaintiff's first requests. See Doc. #29 at 1; Doc. #33 at 1. Plaintiff claims that the requests seek relevant discovery, and were propounded as a follow-up to defendants' discovery responses. See Doc. #29 at 1. Defendants have filed an objection to plaintiff's motion to compel that simply directs the Court's attention back to defendants' Motion for a Protective Order. See Doc. #36 at 2. Defendants do not offer any substantive objections to the requests themselves, nor do defendants respond to the allegation that defendants' first discovery responses were late. See generally, id.

Discovery in this case closed on August 25, 2016. Once the deadline for discovery has passed, discovery may be reopened

only for good cause. See Fed. R. Civ. P. 16(b)(4); see also Gucci Am., Inc. v. Guess?, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011). "The primary consideration in determining whether good cause has been shown is whether the moving party can demonstrate diligence." Casagrande v. Norm Bloom & Son, LLC, No. 3:11CV1918(CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014) (quotation marks and citation omitted). "Good cause may be shown if a party cannot, despite [his] due diligence, reasonably meet the schedule. The requisite good cause is based on factors such as the diligence vel non of the party requesting an extension, bad faith vel non of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties." Gavenda v. Orleans Cty., No. 95CV0251E(SC), 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996).

  In the case at hand, plaintiff has demonstrated that, despite his due diligence, the discovery requests at issue could not have reasonably been propounded earlier than they were. The requests were propounded as a follow-up to defendants' production, which plaintiff received two days before the close of discovery. See Doc. #26-3 at 2. Plaintiff propounded the second requests one day after receiving defendants' first responses. Id. at 2-3. Plaintiff's first requests were timely served in July; defendants have offered no information as to when their discovery responses were served, or whether they were

indeed late, as alleged by plaintiff.[2] In any event, by the time plaintiff received the responses, little or no time was left to serve any follow-up requests. Contrary to defendants' assertion, plaintiff certainly did not wait to serve his demands. Further, as defendants' Answer was not served until May 13, 2016, there has generally been no undue delay on the part of plaintiff in prosecuting this matter. See Docs. ##13, 14, 17.

The Court takes heed of the fact that plaintiff is both self-represented and incarcerated. As plaintiff aptly observes, he cannot control when his outgoing mail is sent, nor can he control when his incoming mail is delivered. See Doc. #33 at 1. Plaintiff's requests are not voluminous, appear to be relevant, and directly arise from the defendants' first responses. The

---

[2] Plaintiff argues that his first discovery requests were propounded on July 14, 2016, and that the responses should have been served within 30 days, pursuant to Rule 34(2)(A) of the Federal Rules of Civil Procedure. See Doc. #33 at 1. Plaintiff received defendants' responses on August 23, 2016, which was 40 days after plaintiff dated his requests. The parties did not attach defendants' responses for consideration; the Court therefore cannot determine whether they were timely served. Pursuant to Rule 6, "[w]hen a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Further, "[u]nder the so-called prison mailbox rule, prisoners are considered to have filed their documents on the day they give them to prison officials for mailing." Anderson v. Ramos, No. 3:10CV1928(CSH), 2013 WL 2244177, at *1 (D. Conn. May 21, 2013). Thus, it is possible that plaintiff's requests were mailed and thus served after July 14, 2016; it is also possible that defendants' responses were served within 33 days of the service of plaintiff's requests.

Court further notes that defendants did not raise any substantive objections to the requests. Finally, it does not appear that plaintiff could have reasonably anticipated the existence of said documents prior to receiving defendants' responses, as they appear to relate to information conveyed in defendants' affidavits, which were received by plaintiff on August 23, 2016. See Doc. #26-3 at 2; cf. Casagrande, 2014 WL 5817562, at *2 ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests have been denied.").

The Court also finds that defendants have not shown the requisite good cause for the issuance of a protective order. The Court is not persuaded by defendants' argument that plaintiff's requests should be barred outright because they were mailed on the date discovery closed.[3] Further, contrary to defendants'

---

[3] Defendants cite to two cases in support of their argument that, "because [plaintiff] failed to serve the request at least 30 days before the close of discovery, it fails as untimely because the defendant[s] could not possibly respond to them before the close of discovery." Doc. #26-1 at 3. The Court has reviewed both cases and has determined that neither is on point. In Dunkin' Donuts Franchised Restaurants, LLC v. 1700 Church Ave. Corp., No. 07CV2446(CBA), 2008 WL 1840760, at *1 (E.D.N.Y. Apr. 23, 2008), the Court did observe that defendants' discovery requests were untimely, but ultimately determined that the plaintiff need not respond because the defendants were not entitled to the discovery sought. Defendants also cite to Lenzley v. The D&B Corp., No. 2:05CV00469, 2007 WL 1027281, at *4 (S.D. Ohio Mar. 29, 2007), where the Court, in the context of

assertion, plaintiff has shown both good cause and diligence, and cannot said to have "waited until the very close of the discovery period" to have served his requests, given the circumstances. Doc. #26-1 at 3. As noted above, any delay on the part of plaintiff appears to be the result of receiving defendants' responses on the eve of the discovery deadline.

Finally, defendants have not alleged that they would be prejudiced if required to respond to plaintiff's second requests; the Court finds that prejudice, if any, would be minimal. The requests at issue are not voluminous, and appear to be narrowly targeted. Moreover, the Court has extended the deadline for the filing of any dispositive motions, thereby alleviating any concern defendants may have regarding the existing schedule.

---

ruling on a motion for summary judgment, discusses a prior discovery order that quashed subpoenas served two months <u>beyond</u> the deadline for discovery. The Court references its prior order, and states that the subpoenas were quashed because "Plaintiff made no attempt to seek an extension of the discovery deadline, nor has he provided any explanation for why he was unable to serve the subpoenas in a timely manner." <u>Id.</u> Thus, neither case stands for the proposition that defendants advance, namely, that plaintiff's discovery requests should be dismissed out of hand as they were served on the deadline for discovery. Nor is either case analogous to the situation at hand, where plaintiff is both self-represented and incarcerated, and where the request at issue is a follow-up to responses served by defendants right before the close of discovery.

Accordingly, the Court **DENIES** defendants' Motion for a Protective Order, and **GRANTS** plaintiff's Motion to Compel. Defendants shall respond to plaintiff's Second Request for Production of Documents, dated August 24, 2016, **on or before November 30, 2016.** The Court notes that defendants have waived any objections to the requests by failing to timely assert any such objections. Discovery shall remain closed; no additional discovery shall take place during this period. Any dispositive motions shall be filed **on or before January 6, 2017.** The Court does not anticipate granting any further extensions of these deadlines.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 31st day of October, 2016.

/s/

HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE