UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VANCE SOLMAN, : | |
| Plaintiff, : | CIVIL NO. |
| : | 3:15-cv-1610(JCH) |
| v. : | |
| : | |
| E. CORL, et al., : | AUGUST 16, 2017 |
| Defendants. : | |

**ORDER RE: MOTION TO AMEND (DOC. NO. 70)**

The defendants have moved to amend their answer to add collateral estoppel as an affirmative defense. See Motion to Amend Answer ("MTA") (Doc. No. 70); Corrected Mem. in Supp. of Mot. to Amend ("Mem") (Doc. No. 71-1). The plaintiff, Vance Solman ("Solman") opposes the amendment, arguing that the proposed amendment is futile and, alternatively, that Solman will be unfairly prejudiced by the defendants' inexcusable delay. See Pls.' Mem. in Opp. to Defs.' Mot. to Amend Answer ("Opposition") (Doc. No. 75). For the following reason, the court finds neither of these arguments persuasive. Therefore, the defendants' Motion to Amend is **GRANTED**.[1]

**I.     LEGAL STANDARD**

Motions to amend are to be freely granted "when justice so requires." See Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

---

[1] The court terminated the original Motion to Amend as moot in light of granting the motion to file a corrected memorandum of law, however the defendants never refiled a corrected version of the Motion. See Order (Doc. No. 77). The court will construe the memorandum filed at docket number 71-1 as a new Motion which is the subject of this Order.

1

party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad faith." Independence Ins. Serv. Corp. v. Hartford Fin. Services Grp., Inc., 04cv1512(JCH), 2005 WL 1038991, at *4 (D. Conn. May 3, 2005). Courts evaluating what constitutes prejudice generally consider whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 284 (2d Cir. 2000).

## II. DISCUSSION

Solman first argues that allowing the defendants to amend the answer to include the defense of collateral estoppel would be futile because it does not apply in an informal prison disciplinary proceeding. See Opp. at 7–13. Solman argues that collateral estoppel cannot apply to Solman's guilty plea before the disciplinary body because a prison disciplinary hearing does not have adequate procedural protections. See Mem. at 10. Citing the requirements of collateral estoppel, Solman argues that the defendants could not demonstrate that the disciplinary hearing had sufficient procedural protection to warrant giving its resolution preclusive effect. See id. at 9–10 (citing Colon v. Couglin, 58 F.3d 865, 869 (2d Cir. 1995)). However, the case that Solman cites does not involve a guilty plea at the disciplinary hearing. See Colon, 58 F.3d at 868 (describing how the inmate maintained his innocence in his hearing). The defendants cite multiple cases wherein courts in this circuit have prevented inmates from challenging guilty pleas in disciplinary hearings. See Mem. at 5 (citing Coleman v.

2

Sutton, 530 F. Supp. 2d 451, 453 (W.D.N.Y.. 2008); Sosa v. Cleaver, No. 3:03-cv-1707(DJS), 2005 WL 1205119, at *9 (D. Conn. May 18, 2005). These cases indicate that the defendants proposed amendment would not necessarily be futile, as district courts in this circuit have prevented individuals who pled guilty in prison disciplinary proceedings from challenging those pleas. See Sosa, 2005 WL 1205119 at *9.

Solman also fails to show that the defendants' proposed amendment would cause him any prejudice. Solman argues that if this defense is allowed, he will need to depose new witnesses, seek new interrogatories, and propound new interrogatories. See Mem. at 15. The court is not persuaded that allowing the defendants to plead the defense of collateral estoppel will necessitate further discovery. Additionally, the defendants made similar arguments in their withdrawn Motion for Summary Judgment, which put Solman on notice of the defendants' theory such that he was able to pursue discovery accordingly. See Opp. at 4 (referencing that the defendant's Reply in Support of the Motion for Summary Judgment explained that because Solman pled guilty, he had admitted to his guilt and cannot challenge its propriety now). However, to the extent the plaintiff requires limited additional discovery, he may move for it without substantially affecting the case schedule.

Because the proposed amendment is not clearly futile, nor does it prejudice the plaintiff, justice is best served by allowing the amendment. Therefore, the defendants' Motion to Amend is granted.

### III. CONCLUSION

For the foregoing reasons, the defendants' Motion to Amend is **GRANTED**. The defendants are directed to file their Amended Answer on the docket.

**SO ORDERED**

Dated at New Haven, Connecticut this 16th day of August, 2017.

                                             /s/ Janet C. Hall_____
                                             Janet C. Hall
                                             United States District Judge